```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
AHARON COHEN,                                               :
                                                            :      MEMORANDUM DECISION
                                Plaintiff,                  :      AND ORDER TO SHOW CAUSE
                                                            :
            - against -                                     :      20-cv-3678 (BMC)
                                                            :
EXPERIAN INFORMATION SOLUTIONS,                             :
INC.; TRANSUNION, LLC; EQUIFAX                              :
INFORMATION SERVICES, LLC;                                  :
SYNCHRONY FINANCIAL; and WEBBANK,                           :
                                                            :
                                Defendants.                 :
                                                            :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff Aharon Cohen brought this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., alleging that several of his accounts were reporting inaccurately. He has sued the three leading credit reporting agencies (Experian Information Solutions, Inc.; Equifax Information Services, LLC; and TransUnion, LLC) as well as two furnishers (Synchrony Financial and Webbank) (collectively, "defendants"). Plaintiff has filed an amended complaint, and defendants have filed motions to dismiss and for judgment on the pleadings. Because plaintiff has not alleged that he suffered a concrete or imminent injury in fact, he lacks Article III standing to pursue his claims.

## BACKGROUND

In his amended complaint, plaintiff alleges that the CRAs are incorrectly reporting the past due balances for several charged-off accounts. The Synchrony account listed a past due balance of $714 but an overall balance of $2,541, while the Webbank account listed a past due balance of $283 but an overall balance of $469. According to plaintiff, the discrepancy between

the overall and past due balances amounts to an inaccuracy under the FCRA. Based on that alleged inaccuracy, plaintiff contends (1) that the furnishers willfully and negligently failed to conduct an investigation into the accuracy of the information they reported to the CRAs, in violation of 15 U.S.C. § 1681s-2(b); and (2) that the CRAs failed to follow reasonable procedures to assure the maximum possible accuracy of the information reported, and failed to delete inaccurate information from his credit file after receiving notice of such inaccuracies, in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

TransUnion and Experian moved to dismiss. Equifax joined the other CRAs in moving to dismiss, and Synchrony moved for judgment on the pleadings.[1] Webbank has answered instead of filing a motion.

## DISCUSSION

Although not every defendant has raised the issue of standing, a court has an obligation to assure itself of a litigant's standing under Article III. See, e.g., Frank v. Gaos, 139 S. Ct. 1041, 1046 (2019). "[T]he irreducible constitutional minimum of standing" has three elements: (1) an "injury in fact" that is (2) "fairly traceable to the challenged action of the defendant" and (3) "likely" to be "redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (colatus). The injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at 560.

Here, plaintiff has failed to allege a concrete injury. In Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1550 (2016), the Supreme Court held that "a bare procedural violation [of the FCRA], divorced from any concrete harm," does not amount to an injury in fact. According to the Second Circuit, Spokeo does not "categorically . . . preclude[] violations of statutorily mandated

---

[1] Equifax's letter [58] is deemed to constitute its motion to dismiss, and Synchrony's letter [50] is deemed to constitute its motion for judgment on the pleadings.

procedures from qualifying as concrete injuries supporting standing." Strubel v. Comenity Bank, 842 F.3d 181, 189 (2d Cir. 2016). Rather, "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest." Id. at 190 (quoting Spokeo, 136 S. Ct. at 1549). "A central inquiry, then, is whether the particular bare procedural violation may present a material risk of harm to the underlying concrete interest Congress sought to protect." Crupar-Weinmann v. Paris Baguette Am., Inc., 861 F.3d 76, 80–81 (2d Cir. 2017).

Assuming *arguendo* that reporting a past due balance that is lower than the overall balance for a charged-off account does, in fact, amount to a procedural violation of the FCRA, that violation does not "present a material risk of harm to the underlying concrete interest Congress sought to protect." Id.

I reached this conclusion previously in Artemov v. TransUnion, LLC, No. 20-cv-1892, 2020 WL 5211068 (E.D.N.Y. Sept. 1, 2020). There, a credit report listed "a past due balance that was lower than the true overall balance," and the plaintiff argued "that he was harmed by [the defendants'] failure to report the accurate and higher number for his past due balance." Id. at *6. I rejected this "peculiar argument," concluding that, under Spokeo, the plaintiff had not suffered an injury in fact. Artemov, 2020 WL 5211068, at *6. Although "[t]he denial of credit and other similarly adverse consequences are often the basis for FCRA damages," I explained, the "[p]laintiff's argument necessarily would have required defendants to have disclosed that his past due balance was actually *higher*." Id. (emphasis added). The credit report "would have listed more bad debt and the same credit score (or probably a lower credit score)," and the plaintiff "would have suffered the same result." Id. It was simply implausible to think that a

3

denial of credit was less likely to occur if creditors learned that the plaintiff had a higher past due balance.

This case is no different. Even if the discrepancy between the overall and past due balances violates the FCRA, that violation does not result in a concrete injury.

Plaintiff maintains that this discrepancy *could* produce concrete harm in certain circumstances. "When the [overall] balance and past due amounts do not match up," he says, "any payment made would only be subtracted from the total balance, inevitably causing confusion as to the amount owed for any potential creditors evaluating the consumer['s] credit report, as well as potentially leaving a past due balance when the overall balance reaches zero." This attempt to satisfy the "concreteness" requirement runs afoul of the "imminence" requirement.

"Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes – that the injury is *certainly* impending." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (quotation omitted). Accordingly, "allegations of *possible* future injury are not sufficient." Id. (alteration adopted; quotation omitted). Plaintiff's allegations are just that. He argues that he will eventually suffer injury, but *only if* he pays down his debt and *only if* defendants do not adjust the past due balance. That is too speculative to confer standing.

Plaintiff's arguments cannot save him from this conclusion. He first cites cases in which the defendants continued to report past due balances even though consumers had paid off their debts. See, e.g., Lenox v. Equifax Info. Servs. LLC, No. 05-cv-1501, 2007 WL 1406914, at *9–10 (D. Or. May 7, 2007). These cases are distinguishable because they involve actual, ongoing

injury, not the speculative chain of causation that plaintiff puts forth here. These cases did not even address standing.

Next, plaintiff seeks to analogize his harm to the "risk of harm" from "future identity theft as the result of a data breach." In Whalen v. Michaels Stores, Inc., 689 F. App'x 89, 90 (2d Cir. 2017), the Second Circuit rejected the idea that the "risk of future identity fraud," standing alone, is sufficient to confer standing in these circumstances. Plaintiff attempts to distinguish Whalen "because the risk of injury has not been foreclosed by some intervening event, such as it was in Whalen where the stolen credit card had been cance[led]." But the question is not whether the risk of injury is foreclosed, but whether the risk of injury is imminent. As the Second Circuit explained, "a theory of standing which relies on a highly attenuated chain of possibilities does not satisfy the requirement that threatened injury must be certainly impending." Id. (alterations adopted) (quoting Clapper, 568 U.S. at 410).

Finally, I note that Webbank has not filed a dispositive motion. At oral argument, Webbank took the "same position" as Synchrony. In these circumstances, when some but not all of the defendants move to dismiss and the court determines that the plaintiff lacks standing, the court may dismiss the claims against the non-moving parties *sua sponte* under Rule 12(h)(3) of the Federal Rules of Civil Procedure. See, e.g., New York Bankers Ass'n, Inc. v. City of New York, No. 13-cv-7212, 2014 WL 4435427, at *14 n.14 (S.D.N.Y. Sept. 9, 2014). Therefore, plaintiff is ordered to show cause within seven days of this order why his claims against Webbank should not be dismissed as well.

## CONCLUSION

TransUnion's motion to dismiss [38], Experian's motion to dismiss [49], Synchrony's motion for judgment on the pleadings [50], and Equifax's motion to dismiss [58] are granted.

Plaintiff is ordered to show cause within seven days of this order why his claims against Webbank should not be dismissed *sua sponte* under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       February 4, 2021